UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONNIE LYLES, : <br> : <br> Plaintiff, :     Civ. No. 23-1034 (KM) (JBC) <br> : <br> v. : <br> :     **OPINION** <br> REV. MALACHIA BRANTLEY, : <br> : <br> Defendant. : <br> : | |

**KEVIN MCNULTY, U.S.D.J.**

      Plaintiff Ronnie Lyles, an inmate at Northern State Prison ("NSP"), seeks to commence a lawsuit pursuant to 42 U.S.C. § 1983 against Malachia Brantley, Supervisor of Religious Services at NSP, for purportedly violating his free exercise rights under the First Amendment. Lyles also brings claims for purported violations of his religious rights and freedoms under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1 *et seq*. In a previous order (DE 3), I granted Lyles leave to proceed *in forma pauperis*, and noted that the complaint would be screened in due course pursuant to 28 U.S.C. § 1915A. Upon having screened the complaint, for the reasons discussed below, the complaint may proceed in part.

    **A.**     **Background**

      The complaint contains the following factual allegations, which, for screening purposes, I accept as true.

      Lyles is a Native American. DE 1 at 1. Brantley, as the Supervisor of Religious Services at NSP, "is responsible for providing for [Lyles's] religious needs." DE 1 at 2. Brantley has prevented Lyles from engaging in Native American "ceremonial religious practices" by not allowing him to: (1) wear a religious head covering ("a white bandanna and religious

medallion"); (2) "smudge . . . on a weekly basis"; (3) "use kinnikinnick on a weekly basis"; (4) "use his medicine bag"; (5) "prayer pipe on a weekly basis"; (6) "dance on a weekly basis during Native American services"; and (7) "attend the Sweat Lodge on a monthly regular basis." DE 1 at 3–6 (quotations omitted).

On October 12, 2022, Lyles filed a grievance to "[NSP] Religious Services" "expressing his discontent in the ongoing denial of being allowed to practice his Native American ceremonial religious practices." DE 1 at 2. Lyles also "[grieved] the fact that his religious items that were sent to the prison via the mailroom are either missing or stolen." DE 1 at 2. Brantley replied that "your rights are not being denied, 10/4 weather was not permitting, 10/11 [s]taffing concerns." DE 1 at 2 (quotations omitted).[1]

Based on the above allegations, Lyles seeks to hold Brantley liable for violations of (1) Lyles's right to freely express his religion under the First Amendment (DE 1 at 3); (2) the protections granted him by RLUIPA (DE 1 at 2–5); and (3) his right to be free from religious discrimination under "Federal Statutes of the Civil Right[s] Act" (DE 1 at 5–6). Lyles sues Brantley in his individual and official capacities. DE 1 at 6. As relief, he requests a declaration that Brantley violated his rights, compensatory and punitive damages, and any other relief the Court deems proper. DE 1 at 6.

**B.  Screening Standard**

District courts must review complaints in civil actions filed by prisoners, *see* 28 U.S.C. § 1915A(a), and dismiss any case that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b) & 1915(e)(2)(B). "The legal standard for dismissing a

---

[1] Lyles's complaint cites "Exhibit PA-1" in support of these allegations, but there are no exhibits attached to the complaint.

complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive the court's screening for failure to state a claim, the complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Pro se pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### C. Discussion

Construing the complaint liberally, I perceive that Lyles is asserting official and individual capacity claims against Brantley for violations of Lyles's (1) religious rights under the Free Exercise Clause of the First Amendment, made actionable under § 1983, and (2) religious rights and freedoms, made actionable under RLUIPA. For the reasons below, (1) Lyles's § 1983 claim must be dismissed to the extent it seeks non-injunctive relief against Brantley in his

official capacity because it is barred by the Eleventh Amendment; (2) Lyles's RLUIPA claim against Brantley in his individual capacity must be dismissed because RLUIPA does not apply to state employees acting in their individual capacities; (3) Lyles's RLUIPA claim against Brantley in his official capacity must be dismissed to the extent it seeks monetary damages because monetary damages are not available under RLUIPA; and (4) Lyles's claim for compensatory damages must be dismissed because he has not alleged a physical injury. Lyles may proceed with (1) his § 1983 claim against Brantley in his official capacity for injunctive relief, and in his individual capacity for non-compensatory, monetary damages (e.g., nominal or punitive damages); and (2) his RLUIPA claim against Brantley in his official capacity for declaratory and/or injunctive relief.

    **1.    Immunity and Damages**

Before discussing the causes of action individually, I consider certain threshold bars to relief.

The Eleventh Amendment imposes a jurisdictional bar against individuals bringing suit against a state or its agencies in federal court. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996). That bar extends to claims against a state official in his or her official capacity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself."). Eleventh Amendment immunity, however, is not absolute. A state may consent to suit in federal courts, or Congress may abrogate Eleventh Amendment protections. *See Port Auth. Trans-Hudson Corp. v. Freeney*, 495 U.S. 299, 304 (1990). Further, the Eleventh Amendment does not bar a suit for prospective injunctive relief against a state official who violates federal law, *see Ex parte Young*, 209 U.S.

123, 158–59 (1908), or a suit against officials in their individual capacities, even if the actions that are the subject of the suit were part of the officials' governmental duties. *See Hafer v. Melo*, 502 U.S. 21, 30–31 (1991). Here, Brantley, in his official capacity as the Supervisor of Religious Services at NSP, is a state official. Accordingly, the Eleventh Amendment bars Lyles's § 1983 claim seeking monetary relief against Brantley in his official capacity. *See, e.g.*, *Lassoff v. New Jersey*, 414 F. Supp. 2d 483, 488 (D.N.J. 2006). Lyles's § 1983 claim will therefore be dismissed with prejudice to the extent it seeks monetary relief from Brantley in his official capacity.

RLUIPA, however, does permit a private plaintiff, such as Lyles, to "obtain appropriate relief against a government." *Sharp v. Johnson*, 669 F.3d 144, 153 (3d Cir. 2012) (citing 42 U.S.C. § 2000cc-2). The statute defines "government" to include state entities, their agencies, and any other person acting under color of state law. *See id.* (citing 42 U.S.C. § 2000cc-5(4)(A)). Thus, RLUIPA applies to state employees acting in their official capacities, but not their individual capacities. *See id.*; *Mack v. Warden Loretto FCI*, 839 F.3d 286, 303 (3d Cir. 2016) ("[S]tate officials . . . cannot be held individually liable under RLUIPA"); *Spada v. Klemm*, No. 1:22-CV-00478, 2023 WL 2290258, at *6 (M.D. Pa. Feb. 28, 2023) ("RLUIPA does not permit an action against state officials in their individual capacities."). Moreover, a plaintiff may not sue a state or state official for monetary damages under RLUIPA. *See Sossamon v. Texas*, 563 U.S. 277, 288, 293 (2011) (holding that states, by accepting federal funds, do not waive their sovereign immunity to suits for money damages under RLUIPA). Accordingly, Lyles's RLUIPA claim against Brantley in his individual capacity will be dismissed with prejudice, and Lyles's RLUIPA claim against Brantley in his official capacity will be dismissed with prejudice, to the extent it seeks monetary damages.

Lyles seeks compensatory damages. DE 1 at 6. However, the Prison Litigation Reform Act prohibits compensatory damages for "mental or emotional injury suffered while in custody" absent "a prior showing of physical injury." 42 U.S.C. § 1997e(e); *Allah v. Al–Hafeez,* 226 F.3d 247, 251 (3d Cir. 2000). More than a *de minimis* physical injury must be alleged. *See Mitchell v. Horn*, 318 F.3d 523, 536 (3d Cir. 2003). Lyles does not allege that he suffered a physical injury; thus, as pled, the complaint does not support a claim for compensatory damages. Accordingly, for this additional reason, all claims for compensatory damages are dismissed.

  **2. Section 1983**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. Thus, to state a claim under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted).

The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I. The Free Exercise Clause of the First Amendment applies to the states through the Fourteenth Amendment. *Cantwell v. State of Conn.*, 310 U.S. 296, 303 (1940). "Inmates clearly retain

protections afforded by the First Amendment . . . including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) (citation omitted). Sincerely held beliefs, religious in nature, are entitled to constitutional protection, but "the fact of incarceration and the valid penological objectives of deterrence of crime, rehabilitation of prisoners, and institutional security justify limitations on the exercise of constitutional rights by inmates." *DeHart v. Horn*, 227 F.3d 47, 50–51 (3d Cir. 2000). A prison regulation alleged to impinge upon an inmate's First Amendment rights "is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89. Thus, to establish a free exercise violation, Lyles must show that Brantley burdened the practice of his religion by preventing him from engaging in conduct mandated by his faith without a justification reasonably related to legitimate penological interests. *Id*.

At this early stage of litigation, Lyles has plausibly alleged a violation of his right to the free exercise of religion sufficient to state a claim for relief under § 1983. Specifically, he has alleged his beliefs are sincerely held (DE 1 at 2) and religious in nature (*id.* at 3–6), and that he has been prevented from engaging in Native American ceremonial practices, "as required for [his] religious practice" (*id.*).

Of course, many factual issues, not suitable for consideration at this stage, may remain. The Court expresses no view as to whether legitimate penological interests may justify some or all of the limitations on Lyles's exercise of his religion while incarcerated. For now, however, Lyles will be permitted to proceed past this initial screening stage with his § 1983 claim against Brantley in Brantley's official capacity for injunctive relief, and in his individual capacity for non-compensatory monetary damages.

### 3. RLUIPA

RLUIPA prohibits the government from imposing a "substantial burden" on a prisoner's religious exercise unless that burden furthers a compelling interest and is the least restrictive means of furthering that interest. *See* 42 U.S.C. § 2000cc-1(a)(1)–(2). A substantial burden exists where (1) "a follower is forced to choose between following the precepts of his religion and forfeiting benefits otherwise generally available to other inmates versus abandoning one of the precepts of his religion in order to receive a benefit"; or (2) "the government puts substantial pressure on an adherent to substantially modify his behavior and to violate his beliefs." *Washington v. Klem*, 497 F.3d 272, 280 (3d Cir. 2007). Therefore, to establish a prima facie case of a RLUIPA violation, a prisoner must initially demonstrate that a substantial burden has been placed on his or her exercise of religious beliefs. *See Robinson v. Sup't Houtzdale SCI*, 693 F. App'x 111, 115 (3d Cir. 2017) (per curiam) ("The threshold question in any . . . RLUIPA case is whether the prison's challenged policy or practice has substantially burdened the practice of the inmate-plaintiff's religion.") (citing *Washington*, 497 F.3d at 277–78).

Lyle has alleged that Brantley has prevented him from engaging in seven activities that are necessary to his "Native American ceremonial religious practices." DE 1 at 2; *id.* at 3–6 (alleging deprivation of the right to: wear a religious head covering, "smudge," use "kinnikinnick," use a "medicine bag," prayer pipe, dance during services, and attend the "Sweat Lodge"). At this early stage of the litigation, Lyles has met his minimal burden to plausibly allege that these deprivations have substantially burdened his religious exercise. Accordingly, Lyles will be permitted to proceed past this initial screening stage with his RLUIPA claim against Brantley in Brantley's official capacity for declaratory and/or injunctive relief with respect to these religious practices.

### D. Conclusion

For the reasons above, Lyle's complaint will be permitted to proceed to the following extent:

The § 1983 claim may proceed against Brantley in his official capacity for injunctive relief, and in his individual capacity for non-compensatory, monetary damages (e.g., nominal or punitive damages). The claim will be dismissed with prejudice to the extent it seeks non-injunctive relief against Brantley in his official capacity.

The RLUIPA claim may proceed against Brantley in his official capacity for declaratory and/or injunctive relief. The RLUIPA claim against Brantley in his individual capacity will be dismissed with prejudice, and the RLUIPA claim against Brantley in his official capacity to the extent it seeks monetary damages will be dismissed with prejudice.

An appropriate order follows.

Dated: March 20, 2023

/s/ Kevin McNulty
_____
KEVIN MCNULTY
United States District Judge