**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RONNIE LYLES, *Plaintiff*, v. MALACHIA BRANTLEY, *Defendant*. | No. 23-cv-1034 (MEF)(JBC) **OPINION** |

\* \* \*

For the purposes of this brief Opinion, the Court largely assumes familiarity with the facts and procedural history of this case.

\* \* \*

Some background:

A prisoner[1] ("Prisoner") was held at Northern State Prison, a facility in Newark. See Complaint for Trial & Jury Demand ("Complaint") (ECF 1) at 1.

The Prisoner adheres to a Native American religion, see id. ¶ 6, and contends that, in prison, his ability to freely practice his faith has been improperly restricted.

For example, certain religious practices require dancing, but dancing was not permitted to the Prisoner during the time generally allocated by the facility for inmate prayer. See Statement of Undisputed Material Facts (ECF 29-2) ¶¶ 47-48. And another example: religious observances that make use of

---

[1] Ronnie Lyles.

kinnikinnick[2] and smudging[3] need to be undertaken outdoors, see id. ¶¶ 16-17 --- but the outdoor sessions were sometimes canceled or shortened.  See id. ¶ 67; Plaintiff's Deposition (ECF 29-6) at 81:4-24, 84:22-86:24.

\* \* \*

In light of the above, the Prisoner, acting without a lawyer, sued the supervisor of religious services[4] at Northern State Prison ("Supervisor").

The Prisoner pressed claims under (i) the First Amendment to the Constitution, see Complaint ¶¶ 8-15, and (ii) the Religious Land Use and Institutionalized Persons Act.  See id. ¶¶ 16-23.

The Prisoner sought, among other things, damages and an injunction.  See id. at 6.

The Supervisor has now moved for summary judgment.  See Brief in Support of the Defendant's Motion for Summary Judgment (ECF 29-1) at 24-26.  Among other things, he contends that he is entitled to qualified immunity on the Prisoner's First Amendment claims.  See id. at 4-23, 26-29.

\* \* \*

"Qualified immunity shields . . . state officials . . . unless a plaintiff pleads facts showing (1) that the official violated a . . . right, and (2) that the right was 'clearly established' at the time of the challenged conduct."  Ashcroft v. al-Kidd, 563 U.S. 731, 735 (2011) (cleaned up).

---

[2]  Kinnikinnick is a "mixture of items such as, but not limited to, bark, dried leaves, sage, cedar, sweet grass, corn pollen and/or sometimes tobacco," which may be used with a prayer pipe. Statement of Undisputed Material Facts ¶¶ 13, 16-17.

[3]  Smudging is "as an act of worship in Native American religion which includes small amounts of cedar, kinnikinnick, sage, sweet-grass and/or high-grade tobacco that are placed in an abalone shell and lit.  The worshipper lets the mixture smolder, then draws the smoke toward the heart and over the head to receive its blessing."  Statement of Undisputed Material Facts ¶ 15.

[4]  The Reverend Malachia Brantley.

> [O]nce the defendant[] ha[s] started things off by raising qualified immunity, who has to come forward and show what the "clearly established" law actually is?
>
> The plaintiff.
>
> If [t]he [plaintiff] does not come forward with sufficiently on-point indications[5] that the relevant law is "clearly established," then the defendant gets qualified immunity.

Courney v. City of Englewood, 793 F. Supp. 3d 615, 621-22 (D.N.J. 2025) (citing numerous cases).

But this sort of legal research can be difficult for an incarcerated pro se plaintiff to realistically do. Moreover, First Amendment free exercise law, already fairly complex, has undergone some meaningful changes in recent years. And how free exercise law operates in prison --- that folds in another set of questions to ask and answer.[6]

Against this backdrop, the Court will not now resolve the Supervisor's summary judgment motion. Rather, the Court will administratively terminate the motion for now, with an eye to possibly appointing pro bono counsel.

A lawyer would be able to more efficiently do any necessary "clearly-established" legal research, and advise the Prisoner more generally --- as to whether his backwards-looking damages claim is viable, and as to practical-minded ways to ensure on a going-forward basis that the Prisoner, now relocated to a different facility, is able to practice his faith.[7]

---

[5] What is needed is "not . . . a case directly on point, but existing precedent must have placed the . . . constitutional question beyond debate." Mullenix v. Luna, 577 U.S. 7, 12 (2015) (cleaned up).

[6] "[N]o one needs to come forward with any authority when the alleged violation of law is entirely obvious." Courney, 793 F. Supp. 3d at 622 n.15. But that is not this case.

[7] As noted, the Prisoner has been moved to a new facility. See Statement of Undisputed Material Facts ¶¶ 1, 9-10 (showing transfer); Certification of the Defendant (ECF 29-14) ¶ 1. And that may well mean that the Prisoner's forward-looking claims against the Supervisor are now moot. See, e.g., Banks v. Sec'y

\*   \*   \*

An appropriate order follows.

ON this 2nd day of February, 2026.

_____
Michael E. Farbiarz, U.S.D.J.

---

Pa. Dep't of Corr., 601 F. App'x 101, 103 (3d Cir. 2015); Sutton v. Rasheed, 323 F.3d 236, 248 (3d Cir. 2003).